# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHANIE CARDUCCI and RICHARD CARDUCCI, Individually and as wife and husband,<br><br>        Plaintiffs,<br><br>v.<br><br>US FOODS, INC., d/b/a CHEF'STORE,<br><br>        Defendant. | Case No. CIV-19-004-C |

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed the present action asserting a negligence claim against Defendant arising from Stephanie Carducci's injuries at Defendant's store in Oklahoma City. According to Plaintiffs, Mrs. Carducci was leaving the dairy section of the store when she slipped in a puddle of water. Mrs. Carducci alleges Defendant was negligent in failing to exercise the requisite care to herself and others. Mr. Carducci brings a claim for loss of consortium.

Defendant has filed a Motion for Summary Judgment arguing it is entitled to judgment on all of Plaintiffs' claims as they cannot establish their claim for negligence.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law. Fed. R. Civ. P. 56(c). [A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact. Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth specific facts outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves. Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court. Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## ANALYSIS

In order to prove a prima facie case of negligence, a plaintiff must show that (1) the premises owner owed the plaintiff a duty to protect the plaintiff from injury; (2) the premises owner breached that duty; and (3) the duty breached proximately caused an injury to plaintiff. Scott v. Archon Grp., L.P., 2008 OK 45, ¶ 17, 191 P.3d 1207, 1211.

The parties are in agreement that Mrs. Carducci was an invitee on Defendant's premises. It is also undisputed that she was there as a business visitor. Therefore, under Oklahoma law, Mrs. Carducci was "entitled to that care which would make the premises safe for [her] reception." Brown v. Nicholson, 1997 OK 32, ¶ 7, 935 P.2d 319, 322. Defendant's Motion argues that Plaintiffs have failed to establish the breach of any duty. According to Defendant, Mrs. Carducci admits that the water was not on the floor when she entered the dairy area but was present when she left approximately 5-7 minutes later. Defendant argues that the time period of 5-7 minutes was insufficient for it to be aware of the presence of the water. Therefore, Defendant argues it is entitled to judgment.

Defendant recognizes that there are two conditions under which it can be liable: (1) that the dangerous condition resulted from the action or inaction of its employees and that condition was the proximate cause of Plaintiffs' injuries; or (2) that it had knowledge of the condition that caused the injury or that the condition

3

had been present for a sufficient period of time to charge it with knowledge of the dangerous condition.  See Safeway Stores, Inc. v. Keef, 1966 OK 140, 416 P.2d 892; see also Safeway Stores, Inc. v. Feeback, 1964 OK 3, 390 P.2d 519.  However, as noted above, Defendant focuses its argument solely on the second possibility – the length of time the dangerous condition had existed.

As Plaintiffs note, there is evidence in this case from which a reasonable jury could find the first option set out above is present to impose liability on Defendant.  After falling, Mrs. Carducci was told by an employee of Defendant that condensation sometimes occurred and that there were supposed to be fans there to prevent the accumulation of water.  Thus, a reasonable juror could find that the dangerous condition (the puddle of water) resulted from the action or inaction of its employees (failure to place fans) and that condition was the proximate cause of Plaintiffs' injuries.

The Oklahoma Supreme Court addressed a similar factual situation noting:

> We conclude the jury could reasonably have inferred the drains under the produce case occasionally stopped up causing water to flow into the aisle, defendants were aware of this fact, and, in light of the testimony concerning the size and location of the puddle, it was more likely the water in which plaintiff slipped came from a stopped up drain under the produce case than any other cause.  The jury could then have found that in the exercise of ordinary care defendants should have taken some action to prevent water from running onto the aisle on occasions when a drain did stop up.

Williams v. Safeway Stores, Inc., 1973 OK 119, ¶ 12, 515 P.2d 223, 226.

In its Reply, Defendant argues that condensation is a naturally occurring event and therefore it cannot be held responsible for its accumulation. In this regard, Defendant references cases where there was no liability due to accumulation of ice and/or snow. Defendant's argument misstates the nature of the condensation in this case. While the condensation occurred as a result of a natural process, a reasonable jury could find that the result of water on the floor which created a dangerous condition was the result of Defendant's failure to use due care. Thus, Defendant is not relieved of liability due to the "natural" condition of the condensation. See Wood v. Mercedes-Benz of Okla. City, 2014 OK 68, ¶9, 336 P.3d 457, 458.

Accordingly, Defendant's Motion for Summary Judgment (Dkt. No. 22) is DENIED.

IT IS SO ORDERED this 3rd day of December, 2019.

ROBIN J. CAUTHRON
United States District Judge